UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

—————

| | | |
|---|---|---|
| NATHAN WILSON #258346, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:08-cv-260 |
| | ) | |
| v. | ) | HON. R. ALLAN EDGAR |
| | ) | |
| UNKNOWN SMART, et al., | ) | |
| | ) | **OPINION** |
| Defendants. | ) | |
| | ) | |

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983[1].

The Court has granted Plaintiff leave to proceed *in forma pauperis*.  Under the Prison Litigation

Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), the Court is required to dismiss any

prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a

claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such

relief.  28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c).  The Court must read Plaintiff's *pro

se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's

allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504

U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure

to state a claim.

---

[1]Plaintiff claims that he is bringing this action pursuant to 18 U.S.C. § 241 and § 242 in an attempt to get a criminal indictment.  However, Plaintiff is alleging that Defendants acted under color of state law and deprived him of a right secured by the Constitution or the laws of the United States.  *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). Such a claim is properly brought pursuant to 42 U.S.C. § 1983.

**Discussion**

I.    Factual Allegations

Plaintiff Nathan Wilson #258346, an inmate at the Ernest C. Brooks Correctional Facility, filed this *pro se* civil rights action against Defendants Corrections Officer Unknown Smart, Resident Unit Officer S. Fountain, Grievance Coordinator L. Sorlinger, Administrative Assistant Michael C. Sibbald, Hearing Investigator Kevin Alford, Hearing Officer Unknown Robbins, Warden Jeff Woods, and Hearing Administrator Richard Stapleton.

Plaintiff alleges in his complaint that Defendants retaliated against him because of his use of the grievance system and subjected him to false misconduct tickets.  In addition, Plaintiff claims that he was denied due process in the misconduct process and was improperly found guilty. Plaintiff seeks to have Defendants held criminally liable for their conduct.

II.    Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint.  *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).  Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

- 2 -

Plaintiff asserts that Defendants' conduct violated his rights under 18 U.S.C. §§ 241 and 242, which make criminal a conspiracy to deny civil rights, as well as the actual denial of such rights. However, these provisions do not give rise to a civil action for damages and Plaintiff has no authority to initiate federal criminal prosecutions. *Franklin v. Henderson*, No. 00-4611, 2001 WL 861697, *1 (6th Cir. June 20, 2001) (citing *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989)).

The only relief being sought by Plaintiff is that Defendants be held criminally liable for their misconduct. However, no such right to such relief exists. *White v. City of Toledo*, 217 F. Supp. 2d 838, 841 (N.D. Ohio, Sept. 18, 2002); *Langworthy v. Dean*, 37 F. Supp. 2d 417, 422 (D. Maryland, Feb. 8, 1999) (both citing *DeShaney v. Winnebago County Dep't of Social Services*, 489 U.S. 189, 195, 109 S. Ct. 998 (1989)). "No federal appellate court, including the Supreme Court . . . has recognized that there is a federally enforceable right for the victim [of a crime] to have criminal charges investigated at all." *White*, 217 F. Supp. 2d at 841-42; *Langworthy*, 37 F. Supp. 2d at 422. The conclusion that such a right does not exist is supported by the fact that there is no federally protected right to compel the prosecution of a criminal activity. *Diamond v. Charles*, 476 U.S. 54, 63, 106 S. Ct. 1697, 1704 (1986); *Linda R. S. v. Richard D.*, 410 U.S. 614, 619, 93 S. Ct. 1146, 1149 (1973); *Associated Builders & Contractors v. Perry*, 16 F.3d 688, 691-92 (6th Cir. 1994). Therefore, the court will dismiss Plaintiff's complaint.

In addition, Plaintiff's motion for reconsideration of the order to proceed *in forma pauperis* and for payment of filing fee (docket #6) is denied. Plaintiff will remain liable for the filing fee as funds become available.

- 3 -

### Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c).

The court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the court dismisses the action, the court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the court will assess the appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the appellate filing fee in one lump sum.

This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated:     1/9/09                                     */s/ R. Allan Edgar*
                                                      R. ALLAN EDGAR
                                                      UNITED STATES DISTRICT JUDGE

- 4 -